UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOAN LYNN BOATRIGHT                                                          PLAINTIFF

V.                          NO. 4:17CV00801-SWW-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                                      DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Joan Lynn Boatright, applied for disability benefits on July 18, 2014, alleging a disability onset date of May 3, 2013. (Tr. at 14). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 26). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ=s decision now stands as the final decision of the Commissioner.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II. The Commissioner=s Decision:

The ALJ found that Boatright had not engaged in substantial gainful activity since the alleged onset date of May 3, 2013. (Tr. at 16). At Step Two, the ALJ found that Boatright has the following severe impairments: lumbar degenerative disc disease, bilateral knee degenerative joint disease, status-post arthroscopy of the right knee, obesity, and adjustment disorder with depressed mood. *Id*.

After finding that Boatright's impairments did not meet or equal a listed impairment (Tr. at 17), the ALJ determined that Boatright had the residual functional capacity (ARFC@) to perform the full range of light work, except that: (1) she could only occasionally bend, kneel, crouch, stoop, crawl, and balance; (2) she could only occasionally climb ramps or stairs; and (3) she would be limited to simple, routine, repetitive tasks with simple, direct, and concrete supervision. (Tr. at 19).

The ALJ found that, based on Boatright's RFC, Boatright was unable to perform any past relevant work. (Tr. at 25). However, relying upon the testimony of the Vocational Expert ("VE") at Step Five, the ALJ found that, based on Boatright's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including positions as a mail clerk and a merchandise marker. (Tr. at 26). Thus, the ALJ found that Boatright was not

disabled. *Id.*

### III. Discussion:

    A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Boatright=s Arguments on Appeal

Boatright contends that substantial evidence does not support the ALJ=s decision to deny benefits. Her only argument is that the ALJ failed to properly consider the side effects she experienced when taking medication. For the following reasons, the Court agrees with Boatright.

Boatright, a 100% disabled veteran, sought treatment for foot, knee, and back pain. (Tr. at 251-260, 286, 301, 315, 359-362, 422). Scott Darby, M.D., saw her numerous times over the relevant time-period, and he prescribed strong pain medication. Boatright took Prednisone, Hydrocodone, Oxycodone, Flexeril, Percocet, and 800 mg Ibuprofen. (Tr. at 359-362, 377, 417, 419-422, 428). She was taking as much as 90 pills of hydrocodone and 30 pills of oxycodone per month. (Tr. at 417).

Boatright repeatedly reported side effects from medication. She said the medications made her sleepy, confused, groggy, and forgetful. (Tr. at 46-49). She sometimes forgot if she had taken medications. (Tr. at 49). She said she was only awake 7 to 8 hours a day. (Tr. at 46). In March 2015, Dr. Darby cautioned Boatright about driving while taking medication. (Tr. at 480). He said she required opioid medications for pain and that she relied on family to take care of her. (Tr. at 584). He said her condition limited her to 15 minutes of activity at a time. *Id*. Dr. Darby

4

concluded that side effects would impact her ability to perform even a sedentary job, noting that pain flare-ups precluded activity for 1-2 hours two or three times a day. (Tr. at 585).

The ALJ must consider side effects from medication along with things like ability to engage in activities of daily living. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Here, the ALJ made a glancing mention of side effects, only stating that Boatright needed to nap several times a day. (Tr. at 20). He cited to a function report Boatright filled out in 2014, in which she said she could prepare some simple meals and do light dusting and laundry. (Tr. at 208). Earlier still, in 2013, Boatright said she could do some yardwork and babysit her grandchildren. (Tr. at 325). These statements are superseded by her testimony at the 2016 hearing, where she said that her health problems prevent her from cooking, cleaning, running errands, or spending time with her grandchildren. (Tr. at 41-42). She said her husband does everything for her. *Id*. Her husband reported that she did little around the house and slept a lot. (Tr. at 180-185). He also indicated she had side effects from pain medications. (Tr. at 184). In an Eleventh Circuit case, where a claimant had similar side effects and testified at her hearing that she could only engage in a few activities of daily living, the court reversed, finding that the ALJ did not properly credit subjective statements about pain and side effects. *Davis v. Astrue*, 287 Fed. Appx.,

5

748, 757-762 (11th Cir. 2008). In this case, the record suggests that Boatright's condition was deteriorating and her activities were limited due to side effects.

Such limitations on activities would preclude light work. *See Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005). In fact, when Boatright's attorney asked the VE if there were jobs available for a claimant who was off task for up to 20% of the day due to pain and side effects, the VE said no. (Tr. at 53). It is entirely plausible that Boatright would be off task 20% of the time due to side effects, based on Dr. Darby's reports and her own testimony. The Eighth Circuit has held that an ALJ meets his burden at Step Five by eliciting testimony by a VE in response to "a properly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). The hypothetical posed by Boatright's attorney, rather than that chosen by the ALJ, best incorporated the side effects that Boatright experienced. In the *Davis* case from the Eleventh Circuit, the court pointed out that the ALJ ignored the hypothetical that was properly tailored to include side effects of medication. *Davis, supra* at 759-760. The ALJ in this case erred by failing to consider the VE testimony that no jobs were available if Boatright was off task 20% of the day.

## V. **Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not

supported by substantial evidence. The ALJ did not properly credit the side effects from medication that Boatright experienced.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 13th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE